IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

REGINALD HOLLEY,

   Plaintiff,

VS.

Warden DANSFORTH, *et al.*,  : NO. 7:10-CV-65 (HL)

   Defendants.  : **ORDER & RECOMMENDATION**

Plaintiff **REGINALD HOLLEY**, an inmate at the Atlanta Male Transitional Center in Atlanta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court previously granted Plaintiff's motion to proceed *in forma pauperis*. (R. at 4). Plaintiff is still obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of the Atlanta Male Transitional Center.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003)

(affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## *II. STATEMENT AND ANALYSIS OF CLAIMS*

Plaintiff alleges that on January 21, 2010, when he was incarcerated at Valdosta State Prison, Sgt. Westley asked him and another inmate (Calvin Hunt) to identify the prisoners who assaulted a third inmate (inmate Forest). Plaintiff states that he provided Sgt. Westley with the names of five inmates who stabbed inmate Forest. Plaintiff alleges that Warden Dansforth then informed Sgt. Westley not to place plaintiff back into the prison population until the five identified inmates were transferred. Plaintiff states that the five inmates were transferred the following day. However, plaintiff alleges that Captain Maine informed Sgt. Westley that plaintiff and Calvin Hunt had to be transferred because their lives were in danger because they had been labeled snitches.

Plaintiff states that he notified Captain Maine on January 26, 2010 that he was in "fear for [his] life" at Valdosta State Prison and he requested a transfer. Plaintiff alleges that Captain Maine explained he was trying to get plaintiff transferred to a different prison. Plaintiff states that he requested protective custody because numerous inmates threatened him. Plaintiff alleges that he wrote Captain Maine, Warden Dansforth, Warden Philbin[1], and Counselor Ogletree to notify them

---

[1] Plaintiff did not show Warden Philbin in the heading of his complaint or in the list of named defendants. However, he does allege that he notified this individual of the threats and requested his assistance. Therefore, the Clerk of Court is **DIRECTED** to show Warden Philbin as a defendant.

of the numerous threats. Plaintiff explains that his parents contacted Captain Maine on several occasions and expressed their concern for his safety.

According to plaintiff, Officer Williams[2] "let an inmate out of his cell . . . , and let him go into . . . Calvin Hunt['s] . . . cell . . . and attack him." Shortly after the attack, Officer Williams came to plaintiff's door and said that plaintiff was going to be attacked next because he was a snitch. Plaintiff states he soon learned that Calvin Hunt was raped on this occasion by the inmate who Officer Williams allowed in the cell. Plaintiff states that he "wrote a witness statement . . . and gave one to Warden Dansforth . . . and Captain Maine."

Plaintiff alleges that in mid-April, Captain Maine told him that he had to return to the general population. Plaintiff requested to stay in "the hole" because he was afraid of the other inmate who had already threatened his life. Plaintiff states that Captain Maine assured him that he would be "out [of] reach of [his] enemies." Plaintiff alleges that he was placed back in "the same yard the incident occurred on 1/21/10, round (sic) the same inmate's (sic) who was threating (sic) to kill me [] for snitching on the[ir] partner's (sic)."

Plaintiff states that on May 26, 2010 five inmates came into his cell "with knives drawn." Plaintiff alleges that they assaulted him and broke his nose and busted his head. Plaintiff maintains that he was taken to medical to have staples placed in his head and Officer Roberts informed him that he was being transferred that night. Plaintiff alleges he was transferred to Augusta State Medical

---

[2]Plaintiff has not named Officer Williams as a defendant. It appears that Officer Williams only threatened Plaintiff. Therefore, he should not be named as a Defendant because mere threats by prison officials are not actionable under 42 U.S.C. § 1983. *Stacey v. Ford*, 554 F. Supp 8 (N. D. Ga. 1982).

Prison at 3:00 a.m. on May 27, 2010.

Plaintiff has named Officer Roberts and Cert-Team Officer Lamber in response to question III B, which requests the name of all defendants. However, plaintiff has not shown how either of these officers violated any of his constitutional rights. Officer Roberts merely informed Plaintiff that he was being transferred on the night after the assault and Plaintiff was transferred almost immediately thereafter. The Court cannot find any allegations against Officer Lamber. It is therefore **RECOMMENDED** that Officer Roberts and Cert-Team Officer Lamber be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order and Recommendation.

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Prison officials do have a duty to protect prisoners from assault by other inmates. "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. At this stage in the litigation, and construing plaintiff's complaint liberally, the Court cannot find that the allegations against defendants Dansforth, Maine, Westley, Ogletree, and Philbin are frivolous. Therefore, this action shall go forward against these five defendants.

It is hereby **ORDERED** that service be made against defendants Dansforth, Maine, Westley,

Ogletree, and Philbin, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed

on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these

7

limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is

hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE
### UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED and RECOMMENDED**, this 21st day of September, 2010.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

lnb